**No. 09-7150**                    **September Term 2010**

1:08-cv-01337-JR

**Filed On:** August 26, 2011

Christol English, as Personal Representative of
the Estate of Jason Taft,

      Appellant

      v.

District of Columbia and Kevin McConnell,
Detective, Metropolitan Police Department, in
both his official and individual capacities,

      Appellees

    **BEFORE:**    Rogers and Kavanaugh, Circuit Judges, and Williams, Senior Circuit
Judge

## O R D E R

Upon consideration of appellant's petition for rehearing, it is

**ORDERED** that the petition be denied. It is

**FURTHER ORDERED**, on the court's own motion, that the opinion filed on July 1, 2011, be amended as follows:

(1) Slip Op., p. 3,

(a) lines 1-3, delete ", in view of appellant's cross-examination of the expert after receiving the expert's interview notes,"

(b) line 5, delete "is" and insert in lieu thereof "was" and delete "reversible error" and insert in lieu thereof "an abuse of discretion."

(2) Slip Op., p. 7, first full paragraph

(a) line 4, delete "in" and insert in lieu thereof "on"

(b) line 5, insert "22," before "2009"

(c) line 8, insert "to reflect the October interview" after the word "government"

(d) line 10, delete "he" and insert in lieu thereof "that in preparing the September 25, 2009 disclosure he had" and delete "in part"

(3) Slip Op., p. 8, first full paragraph

(a) line 23, delete "and examination"

(4) Slip Op., p. 18, first full paragraph

(a) line 11, insert "on which he relied for his opinion in the September 25, 2009 report" after the words "FIT Report"

(b) line 12, delete the words "and examination"

(5) Slip Op., p. 19, lines 4 and 6, delete the words "and examination"

(6) Slip Op., p. 20, first full paragraph

(a) lines 5-6, insert the words "of September 25, 2009" after the word "report" and delete the words "and examined" and insert "on October 22, 2009" after the word " McConnell"

(7) Slip Op., p. 22 delete the first full paragraph and insert in lieu thereof "Nonetheless, the district court did not abuse its discretion in declining to strike Dr. Restak's testimony, pursuant to Federal Rule of Civil Procedure 37(c)(1), because the government's failure to supplement its disclosure was harmless, *see id.* As was made clear through re-cross-examination, Dr. Restak had reached his opinion before he had interviewed Detective McConnell and the interview did not change that opinion. Appellant thus suffered no unfair prejudice. Upon learning of the interview during re-cross, appellant received Dr. Restak's notes from his interview of Detective McConnell, and reviewed them. Inasmuch as Dr. Restak's opinion was stated in the September 25, 2009 disclosure, appellant's questioning focused on the materials Dr. Restak had reviewed for that opinion and asked no questions concerning the interview. Moreover, assuming sanctionable conduct, the striking of Dr. Restak's entire testimony, as appellant sought, would have imposed a sanction that exceeded the discovery violation. *See Outlet v. New York*, 837 F.2d 587, 591 (2d. Cir. 1988); *cf. Webb v. District of Columbia*, 146 F.3d 964, 972 (D.C. Cir. 1998). On appeal, appellant does not suggest how the trial proceedings would have been different had there been a timely supplemental disclosure; and there is no basis from which to conclude that the Rule 26(a)(2)(E) violation affected appellant's substantial rights. Fed. R. Civ. P. 61; *see Whitbeck*, 159 F.3d at 1375."

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:      /s/
         Jennifer M. Clark
         Deputy Clerk